United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LORENA CABRERA, et al.,

        Plaintiffs,

  v.

HENRY ALVAREZ, et al.,

        Defendants.

_____/

No. C 12-04890 SI

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO DISMISS WITH LEAVE
TO AMEND**

Currently before the Court is defendants' motion to dismiss plaintiffs' complaint, which is scheduled to be heard on March 29, 2013.  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing.  Having considered the papers submitted, and for the reasons discussed below, defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART.

**BACKGROUND**

Plaintiff Lorena Cabrera, a native Spanish speaker with limited English proficiency, and her two sons, six-year-old Uriel Cabrera and two-year-old Dionisio Cabrera,[1] were tenants of the Robert Pitts Development ("Pitts Development"), a low-income housing project located at 1151 Scott Street, San Francisco, California, from August 2010 to September 2012.  Compl. ¶¶ 6-8, 28, 28-29, 33-35; *see also*

_____

[1] Both sons are plaintiffs in this action by and through their guardian *ad litem*, plaintiff Lorena Cabrera.

Pl.'s Opp'n (Dkt. 29), at 2. Pitts Development is owned and operated by the San Francisco Housing Authority (the "SFHA"), a public corporation funded in part by the federal government and created pursuant to the California Health & Safety Code §§ 34240 *et seq. Id.* at ¶¶ 10, 28. The SFHA serves to provide habitable, safe, and sanitary housing for low income San Francisco residents. *Id.* Defendant Henry Alvarez III is the Executive Director of the SFHA, and defendant Philip Tam is an employee of the SFHA and the property manager of Pitts Development. *Id.* at ¶¶ 10, 11.

Plaintiffs allege that despite their numerous requests to the SFHA to provide language translation services, they have been rebuffed each time. *Id.* at ¶ 30. As a result, all major written communications, as well as plaintiffs' lease for their rental unit, have been provided to plaintiffs in English only, and neither Pitts Development nor the SFHA have provided translation services. *Id.*

Due to the unaddressed language barrier, plaintiffs allege that they have been unable to effectively convey to Pitts Development management and to the SFHA a laundry list of serious habitability problems with their rental unit and therefore have been unable to get most of the problems resolved. *Id.* at ¶¶ 40-41. Plaintiffs assert that while living in the rental unit they were the victims of "rodent, bedbug and cockroach infestation, mold, leaky faucets, a leaking toilet, raw sewage backup in the sinks, toilets and outside the unit, broken plaster, tiles and nails protruding from the stairs, and a defective shower." *Id.* at ¶ 36. Even in the rare circumstances where plaintiffs were able to convey a problem to Pitts Development management, including directly to Mr. Tam, their complaints were disregarded and the problems remained unremedied. *Id.* at ¶¶ 40, 42. On one occasion when plaintiffs informed Mr. Tam of a problem, Mr. Tam dismissed the issue and stated that "[Ms. Cabrera] should learn English now that she is in America." *Id.* Moreover, plaintiffs assert that Uriel and Dionisio Cabrera both suffer from asthma, which substantially impairs their ability to breathe, and that the failure to provide language translation services as well as the unremedied living conditions exacerbated their asthma symptoms, causing Dionisio Cabrera at one point to be hospitalized. *Id.* at ¶¶ 31-32, 43.

In April 2011, Ms. Cabrera filed a Fair Housing complaint with the United States Department of Housing and Urban Development ("HUD"), alleging that the SFHA had discriminated against her

**United States District Court**
For the Northern District of California

and her family because of their race and national origin.  *Id.* at ¶ 44, Ex. B.[2]  In the course of the HUD investigation into Ms. Cabrera's allegations, Mr. Tam stated to a HUD investigator that Ms. Cabrera did not have a right to live in an SFHA property "because she is an undocumented immigrant" – a fact that plaintiffs assert is untrue.  *Id.* at ¶ 45.

In July 2011, Ms. Cabrera filed a claim with the SFHA, citing the failure to provide language translation services and the uninhabitable and unremedied living conditions in her rental unit.  *Id.* at ¶¶ 45, 48, 50, Ex. C.  The SFHA held a hearing in August 2011, but failed to provide Ms. Cabrera with a Spanish translator, and failed to remedy most of the concerns Ms. Cabrera had raised.  *Id.* at ¶ 51.

On September 19, 2012, plaintiffs filed this action, asserting eight claims against defendants[3] for providing substandard and uninhabitable housing, and for failing to take measures to enable plaintiffs to communicate with Pitts Development management and the SFHA regarding their living conditions.  Plaintiffs assert a claim under section 3604(b) of Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act" or "FHA") for discriminating against Ms. Cabrera on the basis of national origin, by not providing language translation services; and against Uriel and Dionisio Cabrera on the basis of a disability – asthma – for not remedying the living conditions even after becoming aware of the fact that the conditions worsen Uriel and Dionisio Cabrera's asthma symptoms (First Claim).  Plaintiffs also assert claims premised purely on discrimination on the basis of national origin under section 601 of Title VI of the Civil Rights Act of 1964 (Second Claim); section 12955 of the California Fair Employment and Housing Act ("FEHA") (Fifth Claim); and section 51 of the Unruh Civil Rights Act (Sixth Claim).     Plaintiffs Dionisio and Uriel Cabrera assert claims purely on the basis of disability discrimination under section 794(a) of the Rehabilitation Act of 1973 (Third Claim), and section 12132 of Title II of the Americans with Disabilities Act ("ADA") (Fourth Claim).[4]

---

[2] Ms. Cabrera has since withdrawn her complaint with HUD, electing instead to seek relief with this Court.  Compl. ¶ 56.

[3] Plaintiffs have not opposed defendants' motion to dismiss defendant Henry Alvarez III from this case.  *See* Opp'n (Dkt. 29), at 2.  Therefore, the Court grants defendants' motion to dismiss defendant Alvarez III.

[4] Plaintiffs have not opposed defendants' motion to dismiss the ADA claim.  *See* Opp'n (Dkt. 29), at 2.  Therefore, the Court grants defendants' motion to dismiss the ADA claim.

1    Plaintiffs also assert state law claims under California Civil Code section 1941.1 premised on

2    California's implied warranty of habitability (Seventh and Eighth claims).

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether a plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**1.      The FHA, FEHA, and Unruh Act Claims**

Plaintiffs allege that by "failing to provide Spanish interpretation assistance to Ms. Cabrera and hindering her ability to seek correction of the dilapidated condition in plaintiffs' dwelling unit, defendants discriminated against plaintiffs" in violation of § 3604(b) of the Fair Housing Act, 42 U.S.C.

**United States District Court**
For the Northern District of California

§ 3601 *et seq.*  Compl. ¶ 61.  Plaintiffs further allege that defendants discriminated against plaintiffs on the basis of a disability in violation of § 3604(f)(2) of the FHA by failing to correct the asthma-exacerbating conditions in their rental unit despite knowing that Ms. Cabrera's two young children suffer from asthma.  *Id.*  Plaintiffs also assert claims under California Government Code sections 12955(a), (d), (f), and 12955.7, of FEHA, Cal. Gov't Code § 12940 *et seq.*, and under the Unruh Act, Cal. Civil Code § 51, on the basis of the same discriminatory conduct.

The provisions of FEHA[5] and the Unruh Act[6] involved in this case protect substantially the same rights as the FHA provisions at issue and are subject to the same analysis.  *See Walker v. City of Lakewood*, 272 F.3d 1114, 1131 n.8 (9th Cir. 2001); *Egan v. Schmock*, 93 F. Supp. 2d 1090, 1094 (N.D. Cal. 2000); *Guz v. Bechtel National, Inc.*, 24 Cal.4th 317, 354 (2000) (noting that because state and federal discrimination laws are similar, California courts look to pertinent federal precedent in applying California statutes).

Section 3604 of the FHA makes it unlawful "[to discriminate against any person in terms, conditions, or privileges of . . . rental of a dwelling, or in the provisions of services or facilities in connection therewith, because of race . . . or national origin," *see* 42 U.S.C. § 3604(b), or "because of a handicap," *see* 42 U.S.C. § 3604(f)(2).  To state a claim under § 3604, a plaintiff must show that he or she was subjected to different "terms, conditions, or privileges because of a protected status."  *See* 42 U.S.C. § 3604(b); *Housing Rights Ctr. v. Sterling*, 404 F.Supp.2d 1179, 1192 (C.D. Cal. 2004). "Discrimination" under the FHA is defined as including "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."  42 U.S.C. § 3604(f)(3)(B).

The FHA provides a private right of action for an "aggrieved person" subjected to "an alleged discriminatory housing practice," 42 U.S.C. § 3613(a)(1)(A), including a practice that violates § 3604.

---

[5] Section 12955 of FEHA prohibits a landlord from "discriminat[ing] against or harass[ing] any person because of the race, color . . . or national origin, ancestry . . . [or] disability . . . of that person," or from retaliating against a tenant who has complained about discriminatory treatment . . . ."

[6] Section 51 of the Unruh Act provides that "All persons . . . are free and equal, and no matter what their . . . race, color . . . national origin, disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

An aggrieved person is defined to include any person who "claims to have been injured by a discriminatory housing practice." 42 U.S.C. § 3602(I).  A plaintiff can establish an FHA discrimination claim under a theory of disparate treatment or disparate impact.  *Gamble v. City of Escondido*, 104 F.3d 300, 305 (9th Cir. 1997).  While a showing that defendants acted with discriminatory intent is required to prevail on a disparate treatment theory, it is not required to show an FHA violation under a disparate impact theory.  *See Keith v. Vole*, 858 F.2d 467, 482 (9th Cir. 1988).  Although somewhat unclear from the complaint, plaintiffs appear to allege an FHA violation under both theories.

To prevail on a disparate impact theory, plaintiffs must allege sufficient facts to support a prima facie case of discrimination, which consists of "(1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendants]'s facially neutral acts or practices."  *Gamble*, 104 F.3d at 306 (internal quotations and citations omitted).

Here, plaintiffs' disparate impact theory appears to rely on: (1) the fact that defendants have failed to abide by their established facially neutral policy – incorporated into plaintiffs' lease[7] – which plaintiffs contend requires that defendants provide language translation services to tenants with limited English proficiency and to ensure that all dwelling units are safe and habitable;[8] and (2) the fact that "A substantial percentage of low-income tenants served by SFHA are persons with limited English proficiency, particularly persons who speak Spanish."  *See* Compl. ¶¶ 28, 38.  Plaintiffs have failed to assert, however, that other similarly situated members of the alleged protected class have been denied

---

[7] Plaintiffs request that the Court take judicial notice of the SFHA's "Admissions and Continued Occupancy Policy" (the "ACP"), available at www.sfha.org/SFHA_ACOP_2012-92812, which is incorporated by reference into plaintiffs' lease.  *See* Compl. ¶ 37, Ex. A, at 19.  *See* Fed. R. Enid. 201(b)(2); *Manufactured Home Communities, Inc. v. City of San Jose*, 358 F.Supp.2d 896, 904 (N.D. Cal. 2003) (taking judicial notice of city ordinances whose records "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").  The ACP includes a "Limited English Proficiency" ("LED") plan that requires the SFHA to take affirmative steps to communicate with people who need services or information in a language other than English.  Defendants do not oppose this request.  The Court grants plaintiffs' request.

[8] Plaintiffs' lease for their rental unit provides that the SFHA will "maintain the Residence and the [Pitts] Development in a decent, safe, and sanitary condition"; will "comply with applicable building and housing codes and Federal regulations materially affecting health and safety"; will "make necessary repairs to the Residence"; will "maintain in good and safe working order and condition electrical, plumbing, sanitary . . . supplied by the SFHA"; and will "provide, at Tenant's request, reasonable accommodations of a disability of any Household member."  *See* Compl. ¶¶ 37-38, Ex. A, at 9 (Notice of HUD Requirements).

1  translation or interpretation services, or have been denied repairs to their rental units notwithstanding

2  a facially neutral policy to provide language accommodations to tenants of Pitts Development upon

3  request or when necessary.  Therefore, plaintiffs have failed to allege facts to support an inference that

4  defendants' conduct has had a disproportionately adverse impact on members of plaintiffs' protected

5  class on the basis of their national origin or disability, and accordingly, have failed to state a claim for

6  discrimination under a disparate impact theory.

7  Moreover, plaintiffs have failed to state a claim under a disparate treatment theory for intentional

8  discrimination on the basis of a disability under § 3604(f)(2).  "A plaintiff makes out a prima facie case

9  of intentional discrimination . . . merely by showing that a protected group has been subjected to

10  explicitly differential – i.e. discriminatory – treatment."  *Pack v. Fort Washington II*, 689 F.Supp.2d

11  1237, 1243 (E.D. Cal. 2009) (citing *Badgerer v. Orem City Corp.*, 46 F.3d 1491, 1501 (10th Cir. 1995)).

12  The complaint alleges no facts from which the Court can reasonably infer that defendants subjected

13  plaintiffs to explicitly differential treatment or that defendants refused to make any necessary repairs

14  to plaintiffs' rental unit "because of, not merely in spite of" Uriel or Dionisio Cabrera's asthma.  *Cf.*

15  *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (discussing discriminatory intent in the

16  context of the Equal Protection Clause of the Fourteenth Amendment).

17  Plaintiffs have, however, alleged sufficient facts to support a claim for intentional discrimination

18  on the basis of national origin under a disparate treatment theory.  Plaintiffs allege that "Mr. Tam and

19  other SFHA employees repeatedly brushed off Ms. Cabrera's requests for interpreter assistance and

20  were at times hostile to plaintiff, on at least one occasion stating that plaintiff should learn English now

21  that she is in America."  Compl. ¶ 40.  The complaint also alleges that "[i]n the course of the HUD

22  investigation, defendant Tam stated to the HUD investigator that Ms. Cabrera did not have a right to live

23  in an SFHA property because she is an undocumented immigrant" – a fact that Mr. Tam knew not to

24  be true at the time.  *See id.* at ¶ 45.  Interpreting all inferences from these facts in favor of plaintiffs, the

25  Court concludes that plaintiffs have alleged facts that add up to "more than a sheer possibility" that

26  defendants violated the terms of plaintiffs' lease by failing to provide language translation

27  accommodations and failing to remedy the unhabitable conditions of plaintiffs' rental unit *because of*

28  plaintiffs' national origin.  *See Iqbal*, 566 U.S. at 678 ; *Feeney*, 442 U.S. at 279.  Therefore, the Court

1  concludes that plaintiffs have stated a claim for intentional discrimination on the basis of national origin

2  under the FHA, FEHA, and the Unruh Act.

3        Accordingly, defendants' motion to dismiss plaintiffs' FHA, FEHA, and Unruh Act claims for

4  discrimination on the basis of national origin under a disparate impact theory is GRANTED WITH

5  LEAVE TO AMEND.  Defendants' motion to dismiss plaintiffs' FHA, FEHA, and Unruh Act claims

6  for discrimination on the basis of national origin under a disparate treatment theory is DENIED.

7  Defendants' motion to dismiss plaintiffs' FHA and FEHA claims for discrimination on the basis of a

8  disability is GRANTED WITH LEAVE TO AMEND.

9

10  **2.**      **Title VI of the Civil Rights Act of 1964 Claim**

11        Plaintiffs have asserted a claim for damages under section 601 of Title VI of the Civil Rights

12  Act of 1964, 42 U.S.C. § 2000d, on the ground that by "intentionally refusing to provide Spanish

13  interpretation assistance to plaintiffs and hindering their ability to seek correction of the dilapidating

14  conditions in plaintiffs' dwelling unit, defendants discriminated against plaintiffs [on the basis of

15  national origin] by denying them participation in, and the benefits of, a program or activity receiving

16  federal financial assistance."  Compl. ¶ 66.  Section 602 authorizes federal agencies to "effectuate the

17  provisions of [section 601] by issuing rules, regulations, or orders of general applicability."  42 U.S.C.

18  § 2000d-1.  The regulations implementing the public dissemination of Title VI information provide in

19  part that:

20          Where a significant number or proportion of the population eligible to be served or likely
to be directly affected by a federally assisted program . . . needs service or information

21          in a language other than English in order effectively to be informed of or to participate
in the program, the recipient shall take reasonable steps, considering the scope of the

22          program and the size and concentration of such population, to provide information in
appropriate languages to such persons.  This requirement applies with regard to written

23          material of the type which is ordinarily distributed to the public.

24  28 C.F.R. § 42.405(d)(1).  Moreover, Congress has expressly abrogated municipalities' Eleventh

25  Amendment immunity to allow private individuals to bring a private action against government officials

26  under Title VI, but only to the extent that the claim is premised on intentional discrimination, and not

27

28

United States District Court
For the Northern District of California

1  just disparate impact. *See* 42 U.S.C. § 2000d-7(a)(1); *Alexander v. Sandoval*, 532 U.S. 275, 280-81

2  (2001) ("[Section] 601 prohibits only intentional discrimination.").[9]

3      To state a claim for damages under Title VI, a plaintiff must allege that (1) the entity involved

4  engaged in unlawful discrimination; and (2) the entity involved was receiving federal financial

5  assistance. *Rodriguez v. California Highway Patrol*, 89 F.Supp.2d 1131, 1139 (N.D. Cal. 2000) (citing

6  *Fobbs v. holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), overruled on other grounds

7  by *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001)). "Although the plaintiff

8  must prove intent at trial, it need not be pled in the complaint." *Id.*

9      As discussed above, the Court finds that plaintiffs have alleged sufficient facts to support an

10 inference that defendants' decision not to provide language translation services, and their decision to

11 rebuff any efforts by Ms. Cabrera to improve the conditions in her rental unit, were motivated by

12 discriminatory intent. Therefore, because plaintiffs have adequately alleged facts to support a claim for

13 intentional discrimination under Title VI, and because the SFHA receives federal funding pursuant to

14 the United States Housing Act, *see* 42 U.S.C. § 1437 *et seq.*, the Court concludes that plaintiffs have

15 stated a claim for intentional discrimination under Title VI.

16     Accordingly, the Court DENIES defendants' motion to dismiss plaintiffs' national original

17 discrimination claim under Title VI.

18

19

20 **3.       The Rehabilitation Act Claim**

21     Plaintiffs allege defendants discriminated against them on the basis of a disability, in violation

22 of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), when they failed to fix the uninhabitable

23 conditions in plaintiffs' apartment, thereby aggravating Uriel and Dionisio's asthma, even after

24 defendants became aware of their health conditions. *See* Compl. ¶ 68.

25

26

27     [9] Defendants base their motion to dismiss the Title VI claim on the ground that Title VI does not
   provide for a private right of action premised on a disparate impact theory. It does not appear, however,
28 that plaintiffs allege a Title VI claim under a disparate impact theory. Instead, they appear to allege a
   Title VI claim based on disparate treatment, for which a private right of action does exist.

1    Section 794(a) provides that "[n]o otherwise qualified individual with a disability in the United

2    States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied

3    the benefits of, or be subjected to discrimination under any program or activity conducted by any

4    Executive agency."  To state a claim under § 504, a plaintiff must allege that (1) he is an individual with

5    a disability; (2) he is otherwise qualified to receive the benefits at issue; (3) he was denied the benefits

6    of the program solely by reason of his disability; and (4) the program receives federal financial

7    assistance."  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001); *see also Mark H v.*

8    *Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008) (noting that a violation of § 504 can be shown by denial

9    of reasonable accommodations).  The Ninth Circuit has interpreted this framework of proving

10   intentional discrimination to require that a plaintiff seeking damages under § 504 prove that defendants

11   acted "intentionally or with deliberate indifference."  *See Mark H*, 513 F.3d at 938.  Deliberate

12   indifference requires "both knowledge that a harm to a federally protected right is substantially likely,

13   and a failure to act upon that likelihood."  *Duvall*, 260 F.3d at 1139.  Moreover, the term "individual

14   with a disability," as defined by the Rehabilitation Act, constitutes an individual who "has a physical

15   or mental impairment which for such individual constitutes or results in a substantial impediment to

16   employment," and "can benefit in terms of an employment outcome from vocational services . . . ."  29

17   U.S.C. § 705(20).[10]

18   Plaintiffs have failed to allege sufficient facts state a claim under § 504.  First, plaintiffs have

19   not alleged facts to demonstrate that defendants intentionally discriminated against them "solely by

20   reason of the [children's] disabilit[ies]" or were deliberately indifferent to the children's disabilities.

21   In their opposition, plaintiffs appear to use the argument they proffered in support of their claim for

22   national origin discrimination – premised on defendants' failure to provide translation and interpretation

23   services – and extend it here to argue that by failing to provide those services, thereby causing the

24   uninhabitable living conditions to go unaddressed and causing the children's asthma to worsen,

25   defendants intentionally discriminated against plaintiffs on the basis of a disability.  But this argument,

26   and the facts alleged in support thereof, relate only to alleged unlawful conduct regarding the failure to

27   ─────────────────

28   [10] Plaintiffs erroneously cite to 42 U.S.C. § 12132 as the definition of an individual with a disability under the Rehabilitation Act.  This provision provides for the definition of a disability under the ADA, not the Rehabilitation Act.

United States District Court
For the Northern District of California

1  provide language translation services. The failure to remedy the living conditions in plaintiffs' rental

2  unit that exacerbated the children's asthma is merely a byproduct of defendants' alleged unlawful refusal

3  to provide language translation services. Therefore, the facts alleged in the complaint cannot support

4  a claim under § 504 because plaintiffs do not allege facts in support of a claim that defendants

5  discriminated against them "solely by reason of [a] disability" or were deliberately indifferent to the

6  children's health conditions.

7      Accordingly, the Court GRANTS defendants' motion to dismiss the Rehabilitation Act claim,

8  and DISMISSES the claim WITH LEAVE TO AMEND.

9

10  **4.     Breach of California's Implied Warranty of Habitability**

11      Plaintiffs allege two claims for breach of California's implied warranty of habitability pursuant

12  to California Civil Code section 1941.1. Specifically, plaintiffs allege that by "entering into a lease for

13  the rental of a dwelling unit, defendants warranted that the premises would be decent, safe, sanitary,

14  habitable . . . ." *See* Compl. ¶¶ 78, 81.

15      Defendants move to dismiss these claims on a purely procedural ground, that plaintiffs failed

16  to present a sufficiently detailed written claim for damages to the SFHA prior to filing this action, as

17  required by California Government Code section 911.2.[11] Defendants argue that (1) "[T]he complaint

18  fails to allege that any claims were filed on behalf of the minor plaintiffs Dionisio and Uriel Cabrera";

19  and (2) the claim Ms. Cabrera presented to the SFHA identifies a different ground for liability than does

20  plaintiffs' seventh and eighth claims in the complaint. *Compare* Compl.¶ 37, Ex. C, *with* Compl. ¶¶ 78,

21  81.

22      California Government Code section 910 requires that a claim for damages against a public

23  entity be presented to that public entity and provide, *inter alia*, "a general description of the

24  indebtedness, obligation, injury, damage or loss incurred." Cal. Govt. Code § 910(d). A claim

25  presented under Section 910 is sufficient if it substantially complies with the statutory requirements,

26

27  _____

    [11] In their motion, defendants note the timing requirements in submitting claims, but do not argue
    that plaintiffs presented an untimely claim for damages to the SFHA. In reply, defendants do appear
    to argue that the claim was untimely, but note that "the statute of limitations issue will be asserted by
28  dispositive motion" at a later date. Reply (Dkt. 32), at 5. As such, the Court will not address this issue
    here.

interpreted to mean merely *some* compliance with *all* the statutory requirements such that the public entity is on notice and can adequately investigate the merits of the claim. *See City of Los Angeles v. Superior Court*, 159 Cal.App.4th 353, 360 (2008).

The Court agrees with defendants that plaintiffs' claim against the SFHA fails to allege or identify any injury on behalf of plaintiffs Dionisio and Uriel Cabrera. *See* Compl. ¶ 37, Ex. C. The claim makes no reference to Dionisio or Uriel Cabrera. Therefore, the Court concludes that plaintiffs Dionisio and Uriel Cabrera have failed to comply substantially with section 910.

However, after reviewing the claim form attached to the complaint as Exhibit C and construing all factual inferences in favor of the nonmoving party, the Court finds that Ms. Cabrera has complied substantially with the procedural requirements of section 910 with respect to her own habitability and discrimination claims. The claim form identifies as the basis for Ms. Cabrera's claim the SFHA's "discrimination based on race and national origin, also due to my status as an LED person" and "emotional stress, physical health affected by habitability problems, physical problems in my unit that have never been fixed." Compl. ¶ 37, Ex. C. Therefore, the Court concludes that the claim form filed with the SFHA "substantially complies" with "all of the statutory requirements" of section 910, and therefore Ms. Cabrera can proceed with the claims here.

Accordingly, the Court GRANTS defendants' motion to dismiss the section 1941.1 claim as it relates to plaintiffs Uriel and Dionisio Cabrera, and DISMISSES the claim WITH PREJUDICE. The Court DENIES defendants' motion to dismiss the section 1941.1 claim as it relates to plaintiff Lorena Cabrera.

### 5. Claims Against Defendant Tam

Plaintiffs have asserted each claim in their complaint against defendant Philip Tam. However, defendants have moved to dismiss only the claims against Mr. Tam brought under the Rehabilitation Act, Title II of the ADA, and Title VI. In their opposition, plaintiffs drop the ADA claim. Therefore, this Court need only address the claims against Mr. Tam brought under the Rehabilitation Act and Title VI.

United States District Court
For the Northern District of California

Defendants contend that a Title VI claim cannot be brought against an individual defendant as a matter of law because the individual is not the recipient of federal funding, a prerequisite to bringing a Title VI claim. *See* Motion, at 8. Plaintiffs' opposition does not address this argument, and the Court concludes that plaintiffs have failed to state a claim under Title VI against defendant Tam.

The Court has already dismissed plaintiffs' Rehabilitation Act claim because plaintiffs failed to allege that defendants discriminated against plaintiffs "solely by reason of" a cognizable disability. *See supra*. If plaintiffs choose to amend their complaint, they must allege additional facts showing that Mr. Tam discriminated against plaintiffs solely by reason of a covered disability.

Accordingly, the Court DISMISSES Mr. Tam as a defendant with respect to the Title VI claim WITH PREJUDICE. The Court DISMISSES Mr. Tam as a defendant with respect to the Rehabilitation Claim WITH LEAVE TO AMEND.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART and DENIES IN PART defendants' motion to dismiss. The Court:

(1) DISMISSES plaintiffs' ADA claim WITH PREJUDICE.

(2) DISMISSES plaintiffs' Title VI claim as it relates to defendant Tam WITH PREJUDICE.

(3) DISMISSES defendant Alvarez III WITH PREJUDICE.

(4) DISMISSES plaintiffs' FHA, FEHA, and Unruh Act claims for discrimination on the basis of national origin under a disparate impact theory WITH LEAVE TO AMEND.

(5) DENIES defendants' motion to dismiss plaintiffs' FHA, FEHA, and Unruh Act claims for national origin discrimination under a disparate treatment theory.

(6) DISMISSES plaintiffs' FHA and FEHA claims for disability discrimination WITH LEAVE TO AMEND.

(7) DISMISSES plaintiffs' Title VI claim as it relates to the SFHA WITH LEAVE TO AMEND.

(8) DISMISSES plaintiffs' Rehabilitation Act claim WITH LEAVE TO AMEND.

(9) DISMISSES plaintiffs' section 1941.1 claims as they relate to plaintiffs Uriel and Dionisio Cabrera WITH PREJUDICE.

(10) DENIES defendants' motion to dismiss plaintiffs' section 1941.1 claims as they relate to plaintiff Lorena Cabrera.

**Any amended complaint must be filed by April 17, 2013.**

**IT IS SO ORDERED.**

Dated: March 27, 2013

_____

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California

14