IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA CABRERA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HENRY ALVAREZ, *et al.*, <br><br> Defendants. | No. C 12-04890 SI <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES** |

Currently before this Court is plaintiffs' motion to strike 47 out of 49 of defendants' affirmative defenses. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing scheduled for June 21, 2013. For the reasons set forth below, the Court GRANTS the motion to strike.

**BACKGROUND**

Plaintiffs in this action are Lorena Cabrera, a native Spanish speaker with limited English proficiency, and her two sons, six-year-old Uriel Cabrera and two-year-old Dionisio Cabrera. Plaintiffs were tenants of the Robert Pitts Development ("Pitts Development"), a low-income housing project located at 1151 Scott Street, San Francisco, California, from August 2010 to September 2012. Compl. ¶¶ 6-8, 28, 28-29, 33-35. Pitts Development is owned and operated by the San Francisco Housing Authority (the "SFHA"), a public corporation funded in part by the federal government and created pursuant to the California Health & Safety Code §§ 34240 *et seq*. *Id*. at ¶¶ 10, 28. Defendant Philip Tam is an employee of the SFHA and the property manager of Pitts Development. *Id*. at ¶¶ 10, 11.

Plaintiffs allege the SFHA never provided language translation services despite numerous requests. *Id*. at ¶ 30. Due to the unaddressed language barrier, plaintiffs allege they could not effectively convey the habitability problems to the Pitts Development management or the SFHA, and therefore have been unable to resolve most of the problems. *Id*. at ¶¶ 40-41. Plaintiffs assert that while

living in the rental unit they were the victims of "rodent, bedbug and cockroach infestation, mold, leaky faucets, a leaking toilet, raw sewage backup in the sinks, toilets and outside the unit, broken plaster, tiles and nails protruding from the stairs, and a defective shower." *Id*. at ¶ 36. Plaintiffs allege that when they successfully conveyed a problem to Pitts Development management, including directly to Defendant Tam, the problem was never addressed. *Id*. at ¶¶ 40, 42. Plaintiffs assert that Uriel and Dionisio Cabrera suffer from asthma, and the failure to provide language translation services as well as the unremedied living conditions exacerbated their asthma symptoms, causing Dionisio Cabrera at one point to be hospitalized. *Id*. at ¶¶ 31-32, 43.

On September 19, 2012, plaintiffs filed this action, asserting claims against defendants for providing substandard and uninhabitable housing, and for failing to provide translation services so plaintiffs could communicate on equal footing with Pitts Development management and the SFHA. Defendants filed their Answer to the Amended Complaint on May 1, 2013. On May 17, 2013, plaintiffs filed a motion to strike 47 out of the 49 affirmative defenses in defendants' Answer.

**LEGAL STANDARD**

An answer must "state in short and plain terms" the defenses to each claim asserted against the defendant in order to provide plaintiffs with fair notice of the defense(s). Fed. R. Civ. P. 8(b)(1)(A). Under Federal Rule of Civil Procedure 8(c), an "'affirmative defense is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven.'" *Barnes v. AT&T Pension Benefit Plan - Nonbargained Program*, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010) (quoting *Roberge v. Hannah Marine Corp.,* 1997 WL 468330, at *3 (6th Cir. 1997)). Defendants bear the burden of proof for affirmative defenses. *Kanne v. Connecticut General Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988).

Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or on a motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defense may be insufficient "as a matter of pleading or as a matter of substance." *Security People, Inc. v. Classic Woodworking, LLC*, No. C-04-3133 MMC, at 2 (N.D. Cal. Mar. 4, 2005). An insufficiently pled defense fails to comply with Rule 8 pleading requirements by not

providing "plaintiff [with] fair notice of the nature of the defense" and the grounds upon which it rests. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957)). *See generally* Fed. R. Civ. P. 8. However, motions to strike are generally disfavored. *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). When a claim is stricken, "leave to amend should be freely given" so long as no prejudice results against the opposing party. *Wyshak*, 607 F.2d at 826.

**DISCUSSION**

Plaintiffs make two overarching arguments: (1) the Court should strike roughly half of the affirmative defenses at issue since they are actually negative defenses and therefore improper and (2) the Court should strike the other half of the affirmative defenses at issue since they lack specificity, are conclusory, are generally insufficient under the *Twombly/Iqbal* standard and therefore fail to provide plaintiffs with fair notice.

In response defendants proffer two general arguments: (1) motions to strike are disfavored; and (2) the heightened pleading standard articulated in *Twombly* and *Iqbal* does not apply to affirmative defenses, therefore, the Court should not strike any of the defenses.

**I.  Negative Defenses Pled as Affirmative Defenses**

Plaintiffs argue the 6th, 14th-16th, 18th, 20th, 23rd, 24th, 26th, 29th, 33rd, 35th, 44th, and 45th Affirmative Defenses, are actually negative defenses, and therefore should be struck. Docket No. 39. Any "defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). The Court finds that these defenses are actually negative defenses improperly pled as affirmative defenses. For example, the 14th Affirmative Defense alleges "that reasonable cause does not exist to believe that a discriminatory housing practice [] occurred." Answer 12:1-4. This is not an affirmative defense, but merely a negation of plaintiffs' claims.

Accordingly, the motion to strike the 6th, 14th-16th, 18th, 20th, 23rd, 24th, 26th, 29th, 33rd, 35th, 44th, 45th Affirmative Defenses is GRANTED without leave to amend.

3

## II. Legally Insufficient Affirmative Defenses

The 22nd and 27th Affirmative Defenses assert that unidentified state law immunities apply and that adequate state remedies bar plaintiffs claims, respectively. Plaintiffs' second and third claims arise under federal law. Since federal causes of action cannot be barred by state procedures or immunities (without a federal provision), the 22nd and 27th Affirmative Defenses are legally insufficient. *Felder v. Casey*, 487 U.S. 131 (1988) (failure to comply with state statute does not bar suit under 42 U.S.C. § 1983); *Patsy v. Board of Regents*, 457 U.S. 496 (1982) (holding state procedure for employment discrimination need not be exhausted prior to filing under 42 U.S.C. § 1983); *McNeese v. Bd. of Educ.*, 373 U.S. 668 (1963) (holding plaintiff need not exhaust parallel state remedies).

Additionally, the 40th Affirmative Defense pertains to plaintiffs' disparate impact claims, which this Court dismissed in its March 27, 2013 order. *See* Docket No. 34.

Accordingly, the motion to strike the 22nd, 27th, and 40th Affirmative Defenses is GRANTED without leave to amend.

## III. Affirmative Defenses Lacking Specificity Pursuant to *Twombly/Iqbal*

Although the Ninth Circuit has yet to rule on the issue, the majority of district courts require affirmative defenses to meet the heightened pleading standard dictated by the Supreme Court in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 5662 (2009). *CTF Dev. Inc. v. Penta Hospitality, LLC*, No. C 09-02429, 2009 WL 3517617, at *7-8 (N.D. Cal. Oct. 26, 2009) (requiring defendants "to proffer sufficient facts and law to support an affirmative defense"); *see also Barnes v. AT&T Pension Benefit Plan - Nonbargained Program*, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010) (finding there is "no reason why the same principles applied to pleading claims should not apply to the pleading of affirmative defenses"); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649-50 (D. Kan. 2009) (noting extensive list of cases in which district courts applied *Twombly* and *Iqbal* to affirmative defenses). Applying a heightened standard to affirmative defenses also "weed[s] out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted." *Barnes*, 718 F. Supp. 2d at 1172.

4

This Court agrees with the majority of district courts, and applies the heightened *Twombly/Iqbal* pleading standard to affirmative defenses.

Applying this standard, the 2nd-5th, 7th-13th, 17th, 19th, 21st, 25th, 28th, 31st, 32nd, 34th, 36th-39th, 42nd, and 46th-49th Affirmative Defenses fail on their face. Not only are the defenses stated as conclusions and devoid of supporting facts indicating plausibility, but many are redundant or apparently irrelevant to this litigation. None of these affirmative defenses, as stated, is targeted to this specific case or tethered to any facts providing the defenses with credibility, let alone plausibility. The defenses do not provide plaintiffs with fair notice, and therefore are fatally deficient. Accordingly, the motion to strike the 2nd-5th, 7th-13th, 17th, 19th, 21st, 22nd, 25th, 27th, 28th, 31st, 32nd, 34th, 36th-39th, 42nd, and 46th-49th Affirmative Defenses is GRANTED with leave to amend.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiffs' motion to strike the 1st,[1] 6th, 14th-16th, 18th, 20th, 22nd-24th, 26th, 27th 29th, 30th, 33rd, 35th, 40th, 44th, and 45th Affirmative Defenses without leave to amend; and GRANTS plaintiffs' motion to strike the 2nd-5th, 7th-13th, 17th, 19th, 21st, 22nd, 25th, 28th, 31st, 32nd, 34th, 36th-39th, 42nd, and 46th-49th Affirmative Defenses with leave to amend. Any amended answer must be filed no later than June 26, 2013.

**IT IS SO ORDERED.**

Dated: June 18, 2013

SUSAN ILLSTON
United States District Judge

---

[1] Defendants have withdrawn the 1st Affirmative Defense.

5